The Honorable Bobby G. Wood State Representative 2805 Harrisburg Road Jonesboro, AR 72401
Dear Representative Wood:
This is in response to your request for an opinion regarding the "Good Samaritan Act." Your request is made on behalf of the Food Bank of Northeast Arkansas which solicits wholesale surplus food from retailers for distribution to charities providing emergency meals or food boxes to the needy. According to the correspondence attached to your request, the question is prompted by potential donors' fear of liability.
The "Good Samaritan" law is codified at A.C.A. 17-93-101, a copy of which is attached hereto. The immunity from civil liability granted under the act extends to any person ". . . who, in good faith, lends emergency care or assistance without compensation at the place of an emergency or accident. . . ." A.C.A. 17-93-101(a).
The applicability of this act in the context of food donations for emergency meals will depend upon the particular facts and circumstances in each instance. There appear to be no cases directly on point in this regard. It should be noted, however, that the grant of immunity does not apply in the event of an act or omission constituting gross negligence. A.C.A. 17-93-101(c). This, too, is a factual question to be addressed on a case by case basis.
Although your inquiry focuses only upon the Good Samaritan law, we would direct your attention to A.C.A. 20-57-103 which addresses, specifically, the liability of donors of canned or perishable food. This Code section states:
 (a) As used in this section, unless the context otherwise requires:
 (1) "Canned food" means any food commercially processed and prepared for human consumption;
 (2) "Perishable food" means any food which may spoil or otherwise become unfit for human consumption because of its nature, type, or physical condition. This term includes, but is not limited to, fresh and processed meats, poultry, seafood, dairy products, bakery products, eggs in the shell, fresh fruits and vegetables, and foods which have been packaged, refrigerated, or frozen.
 (b) The provisions of this section shall govern all good faith donations of perishable food which is not readily marketable due to appearance, freshness, grade, surplus, or other conditions, but nothing in this section shall restrict the authority of any appropriate agency to regulate or ban the use of the food for human consumption.
 (c) All other provisions of law notwithstanding, a good faith donor of canned or perishable food, which is apparently fit for human consumption at the time it is donated, to a bona fide charitable or not-for-profit organization for free distribution, or distribution a nominal cost, shall not be subject to criminal or civil liability arising from an injury or death due to the condition of the food unless the injury or death is a direct result of the gross negligence, recklessness, or intentional misconduct of the donor.
This section is, perhaps, more appropriately cited in connection with food retailers' donation of surplus products. The good faith donor may reply upon this grant of immunity so long as the food is "apparently fit for human consumption" at the time of donation, and in the absence of "gross negligence, recklessness, or intentional misconduct." A.C.A. 20-57-103(c). The applicability of the immunity, or the exceptions, will depend upon the facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.